UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                                    Crim. No. 17-87 (PAM/SER)

          Plaintiff,

v.                                                            **MEMORANDUM AND ORDER**

Shawn Robert Dooling,

          Defendant.

---

This matter is before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Katherine Menendez dated January 26, 2018. (Docket No. 52.) In the R&R, Magistrate Judge Menendez recommends denying Defendant Shawn Robert Dooling's Motion to Suppress Statements. Dooling filed a timely Objection to the R&R on February 7, 2018. (Obj. (Docket No. 54).) And the Government responded to the Objection. (Docket No. 57.)

Dooling moved to suppress statements that he made during a deposition in connection with bankruptcy proceedings that he initiated, arguing that the Government violated his due-process rights. (Docket No. 34.) The R&R found that the Government did not impermissibly exploit parallel proceedings, and therefore, that Dooling's due-process right and right against self-incrimination were not violated. (R&R at 7-13.) This Court must review de novo any portion of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(a). After conducting the required review and for the following reasons, the Court adopts the R&R.

Dooling first argues that the R&R erred by assuming that his counsel would have advised him to use caution when making statements at his deposition because "courts cannot assume waiver of constitutional rights." (Obj. at 5.) This argument misses the mark. The issue here is not whether Dooling waived a constitutional right; it is whether the Government impermissibly exploited his deposition testimony through parallel civil and criminal proceedings. Moreover, contrary to Dooling's assertion, Magistrate Judge Menendez did not assume that Dooling waived a constitutional right. Rather, she distinguished the circumstances here from situations where "federal prosecutors trick[ed] an unsophisticated pro se investigative target" by pointing out that the same counsel represented Dooling in both his bankruptcy proceedings and his state civil fraud proceedings. (R&R at 10.)

Dooling next argues that the R&R's conclusion is contrary to the Eighth Circuit's holding in United States v. Grunewald, 987 F.2d 531, 534 (8th Cir. 1993), because he "was lulled into making statements via the inaction of his civil opponents," one of whom knew that he was the subject of a federal criminal investigation. (Obj. at 7.)

In Grunewald, the Eighth Circuit held that parallel civil and criminal proceedings are improper if federal agents "affirmatively and intentionally" deceived a defendant to obtain evidence and the deceit prejudiced the defendant. 987 F.3d at 534. "[T]he mere failure . . . to inform a defendant that information developed in [a deposition] may result in a further criminal investigation" does not rise to affirmative or intentional deceit. Id. Here, Dooling argues that such deceit exists because one of the attorneys deposing him failed to inform him of an ongoing criminal investigation and even provided information

to FBI and USDA agents about that investigation.  (Obj. at 6-7.)  But this alone does not establish "'trickery' or cloaking of the criminal investigation as civil." United States v. Setser, 568 F.3d 482, 493 (5th Cir. 2009).  Dooling concedes that the bankruptcy proceedings "were not a pretext for the criminal investigation, and that the attorneys managing the civil proceedings did not seem to be controlled by federal actors."  (Obj. at 6.)  Additionally, Dooling does not argue that the focus of his deposition was improper for a bankruptcy proceeding, and he does not raise any other facts from which the Court could conclude that intentional deceit exists.  The R&R did not err on this basis.

Finally, Dooling argues that the R&R erred in concluding that his rights against self-incrimination were not violated, because he "was not told about the criminal investigation."  (Obj. at 8.)  But, as previously discussed, the mere failure to inform Dooling of an ongoing criminal investigation does not establish a constitutional violation.  Grunewald, 987 F.2d at 534.  Dooling next avers that he received no warning that his deposition testimony may lead to criminal charges, similar to the warning in United States v. Stringer, 535 F.3d 929, 937-39 (9th Cir. 2008).  But there is no requirement to warn an individual of their Fifth Amendment rights in this situation.  See, e.g., Grunewald, 987 F.2d at 534; Stringer, 535 F.3d at 940 (quoting United States v. Robson, 477 F.2d 13, 17-18 (9th Cir. 1973)) (stating that the failure to warn of "potential criminal ramifications does not render [a] search unreasonable").  Dooling also seems to suggest that, although he initiated the bankruptcy proceedings, he was compelled to testify because the deposition was adverse and he was ordered to appear.  But, as the R&R properly reasoned, Dooling "conflates the notions of being required to appear at a

deposition and being forced to answer questions in a criminal investigation." (R&R at 12.) Dooling presents no evidence that he was threatened or coerced to testify, and he concedes that the bankruptcy proceeding was not pretext for his criminal indictment. (R&R at 13.) The R&R did not err on this basis.

Accordingly, **IT IS HEREBY ORDERED that**:

1. The R&R (Docket No. 52) is **ADOPTED**;

2. Defendant's Objection to the R&R (Docket No. 54) is **OVERRULED**; and

3. Defendant's Motion to Suppress Statements (Docket No. 34) is **DENIED**.

Dated: March 20, 2018

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge